UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY LOPEZ,

    Plaintiff,

v.                                                Case No. 8:18-cv-2460-T-36AAS

YUMMY HOUSE CHINESE
CUISINE, INC.,

    Defendant.
_____/

## **ORDER**

Henry Lopez requests permission for the parties to conduct their Fair Labor Standards Act (FLSA) settlement conference telephonically. (Doc. 17).

Before addressing Mr. Lopez's request, the undersigned notes Mr. Lopez's motion fails to comply with Local Rule 3.01(g). Mr. Lopez's "Certificate of Compliance with Local Rule 3.01(g)" states his counsel emailed opposing counsel but received no response. (*Id.* at 2). Local Rule 3.01(g) requires a party submitting a non-dispositive motion to include a statement in the motion that (1) certifies that moving counsel conferred with opposing counsel about the motion and (2) states whether counsel agree on the resolution of the motion.

Confer means a substantive discussion. Middle District Discovery (2015) at I(A)(2). Sending one email to opposing counsel fails to satisfy the conferral requirement under Local Rule 3.01(g). *See Croston v. IC Sys., Inc.*, 3:16-CV-87-J-20JBT, 2016 WL 4487921, at *1 (M.D. Fla. July 14, 2016) (stating that Local Rule

1

3.01(g) requires the parties to speak to each other). By sending one email and receiving no response, Mr. Lopez's counsel failed to comply with Local Rule 3.01(g).

Turning to the substance of Mr. Lopez's motion for the parties to conduct the FLSA settlement conference telephonically, Mr. Lopez asserts his counsel is in Port Charlotte and opposing counsel is in Miami. (Doc. 17, p. 1). According to CM/ECF, however, Mr. Lopez's counsel is in Coral Gables and the defendant's counsel is in Port Richey. Either way, Mr. Lopez states "[i]n the interest of efficiency, the parties request that this court grant leave to allow counsel to meet and confer telephonically to discuss settlement." (*Id.*).

The FLSA Scheduling Order requires the parties to "meet and confer **in person** in a good faith effort to settle all pending issues, including attorneys' fees and costs." (Doc. 14, p. 2) (emphasis added). Further, counsel must "set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement." (*Id.*). Therefore, under the FLSA Scheduling Order, the court's preference is for the parties to meet in person for a thorough, detailed, and meaningful settlement conference.

Local Rule 3.01(i) encourages the use of telephonic conferences when the parties' counsel are in different cities. That said, in FLSA cases, a strong preference exists for parties to conduct settlement conferences in person before discovery begins. *Tassone v. Lifecare St. Johns, Inc.*, No. 3:11-CV-1271-J-32TEM, 2012 WL 1555718, at *1 (M.D. Fla. Feb. 24, 2012); *see also Vega v. Circle K Stores*, No. 2:14-CV-298-FtM-38CM, 2014 WL 4101642 (M.D. Fla. Aug. 20, 2014) (denying unopposed motion to

conduct FLSA settlement conference telephonically when one attorney was in Coral Gables and the other in Tampa).

Settlement conferences in FLSA cases are most effective when the parties and counsel attend in person. *Brunson v. Jamerson Farms Operations*, No. 2:14-CV-351-FtM-38CM, 2014 WL 12625967, at *1 (M.D. Fla. Oct. 22, 2014). The undersigned finds the court's FLSA Scheduling Order is best served by requiring the parties and counsel to attend the settlement conference in person. Therefore, Mr. Lopez's motion for the parties to conduct the FLSA settlement conference telephonically (Doc. 17) is **DENIED**. Going forward, the parties must strictly follow the Local Rules.

**ORDERED** in Tampa, Florida, on January 14, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge